UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

May 10, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Christina F. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-1528-CDA

Dear Counsel:

On June 6, 2023, Plaintiff Christina F. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 12, 13). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, the Court will REVERSE the SSA's decision and REMAND the case to the SSA for further consideration.

I.   **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title XVI application for Supplemental Security Income ("SSI") benefits on June 15, 2016, alleging a disability onset of September 13, 2014. Tr. 225–31, 946. Plaintiff's claim was denied initially and on reconsideration. Tr. 135–38, 142–43. On February 11, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 34–59. On March 4, 2019, the ALJ determined that Plaintiff was not disabled under the Social Security Act[2] during the relevant time frame. Tr. 13–33. After the Appeals Council declined to review the decision, Tr. 1–6, Plaintiff sought this Court's review, Tr. 1027–34. The Court remanded Plaintiff's case to the SSA for further proceedings with the consent of both parties. Tr. 1035.

On remand, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ. Tr. 1036–41. The ALJ held a second hearing on November 16, 2021. Tr. 969–97. On December 10, 2021, the ALJ again determined that Plaintiff was not disabled under the Social Security Act during the relevant time frame. Tr. 939–68. The December 10, 2021 decision is the

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on June 6, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, the Court substitutes Commissioner O'Malley as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Christina F. v. O'Malley*
Civil No. 23-1528-CDA
May 10, 2024
Page 2

final, reviewable decision of the SSA. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 416.1494(d).

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  The SSA evaluates disability claims using a five-step sequential evaluation process.  *See* 20 C.F.R. § 416.920.  Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 15, 2016, the application date."  Tr. 946.  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "Severe opiate dependence; Major depressive disorder; Mood disorder; Anxiety disorder; Borderline intellectual functioning; Post-traumatic stress disorder (PTSD); Right hip arthralgia; and Obesity." *Id.*  The ALJ also determined that Plaintiff suffered from non-severe colitis.  *Id.*  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  *Id.*  The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work . . . with lifting and/or carrying up to 20 pounds occasionally and ten pounds frequently; standing and/or walking up to six hours and sitting up to six hours in an eight-hour workday; additional limitations include only occasional pushing and/or pulling (including foot control operations) with the right lower extremity; only occasional balancing . . . ; only occasional climbing ramps or stairs, stooping, kneeling, crouching, crawling; no climbing ladders, ropes, or scaffolds; only occasional exposure to vibration and workplace hazards (including unprotected heights and dangerous machinery); limited to simple, routine tasks in entry-level, unskilled work with instructions that are not involved; while the individual can sustain concentration and persistence for two-hour segments, the job must include routine, customary breaks after about two-hour periods of work; no fast-paced production rate (defined as a setting in which a rapid pace of work is set by a conveyor belt or other similar external source, as well as rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other); limited to low-stress work (defined as involving only occasional independent decision making and/or changes in the work setting); requiring no interaction with the public; limited to only occasional interaction with co-workers and supervisors; however, the job must not require that tandem tasks be performed with coworkers.

Tr. 949. The ALJ found that Plaintiff was unable to perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 959–60. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 961.

### III. LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id*. In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their decision. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision[.]").

### IV. ANALYSIS

Plaintiff argues that the ALJ "failed to adequately explain" why Plaintiff's mental impairments do not satisfy the criteria set forth at 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04, 12.06, and 12.15. ECF 11, at 8. Plaintiff also argues that the ALJ "erroneously disregarded" a third-party function report authored by Plaintiff's boyfriend. *Id.* at 18. Defendant counters that the ALJ's step-three findings are supported by substantial evidence and that the ALJ properly considered Plaintiff's boyfriend's statements. ECF 12, at 6–17. For the reasons explained below, the Court finds Plaintiff's first argument disposes of this matter.

The SSA's "Listing of Impairments" describes, "for each of the major body systems[,] [the] impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity[.]" 20 C.F.R. § 416.925(a). At step three of the sequential evaluation process, an ALJ determines whether a claimant has an "impairment[] that meets or equals" a listed impairment (a "Listing"). 20 C.F.R. § 416.920(a)(4)(iii). If the ALJ finds that the claimant's impairment meets or equals a Listing, the ALJ must find that the claimant is disabled. *See id.*

Relevant to this case, Listings 12.04, 12.06, and 12.15 pertain to "Depressive, bipolar and related disorders," "Anxiety and obsessive-compulsive disorders," and "Trauma- and stressor-related disorders," respectively. 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04, 12.06, 12.15. The criteria relevant to meeting or equaling each of these Listings is delineated in three separate sections ("Paragraphs") set forth at each Listing. The first Paragraph ("Paragraph A") requires documentation of certain medical criteria. *See id.* §§ 12.04A, 12.06A, 12.15A. The second Paragraph ("Paragraph B") is identical in all three Listings and requires the "[e]xtreme limitation of one, or marked limitation of two," of four "areas of mental functioning," which include: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.* §§ 12.04B, 12.06B, 12.15B. The third Paragraph ("Paragraph C") is identical in all three Listings

and requires a claimant's mental disorder to be "serious and persistent," meaning that the claimant must have "a medically documented history of the existence of the disorder over a period of at least 2 years," as well as:

1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes [a claimant's] symptoms and signs of [their] mental disorder (see 12.00G2b); and

2. Marginal adjustment, that is, [the claimant has] minimal capacity to adapt to changes in [their] environment or to demands that are not already part of [their] daily life (see 12.00G2c).

*Id.* §§ 12.04C, 12.06C, 12.15C. Listings 12.04, 12.06, and 12.15 can each be met or equaled by: (1) satisfying the respective Listings' Paragraph A and Paragraph B criteria or (2) satisfying the respective Listings' Paragraph A and Paragraph C criteria. *See id.* §§ 12.04, 12.06, 12.15.

Here, at step three, the ALJ considered whether Plaintiff's impairments satisfied several listed impairments, including Listings 12.04, 12.06, and 12.15. Tr. 946. The ALJ assessed Plaintiff's limitations in the four areas of mental functioning and determined that her impairments did not satisfy Paragraph B's criteria because they "do not cause at least two 'marked' limitations or one 'extreme' limitation[.]" Tr. 947. No explicit analysis was provided regarding the Paragraph A criteria set forth at Listings 12.04, 12.06, and 12.15. The ALJ stated that "[t]he evidence fails to establish the presence of the 'paragraph C' criteria." Tr. 948.

To determine whether the ALJ's step-three findings are supported by substantial evidence, the Court reads the ALJ's decision "as a whole." *Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) (per curiam). Having done so, the Court finds that the ALJ erred by failing to explain why Paragraph C's criteria were not satisfied. Notably, the ALJ's decision contains multiple findings that appear to contradict their step-three conclusion. For instance, the ALJ noted that, "on December 31, 2017, [Plaintiff] was formally diagnosed with PTSD, which was designated as chronic and severe." Tr. 953. This finding appears to satisfy Paragraph C's medical documentation requirement. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04C, 12.06C, 12.15C.

The ALJ also noted that Plaintiff engaged in mental health treatment as early as 2015. Tr. 951. Specifically, the ALJ observed that Plaintiff "has improved ability to cope with her past trauma and current stressors due to her engagement in treatment." *Id.*; *see also* Tr. 947 ("[T]he treatment record generally indicates stable symptoms and good results with medication."); Tr. 954 ("Her depression screen in January 2019 was actually negative for any depression symptoms and she reported that she was handling personal stressors well during a subsequent visit in March 2019."); *id.* ("Notably, on April 22, 2019, the claimant agreed to decrease her suboxone dose from 18 to 16[.]"). Given these findings—and absent any relevant explanation in the ALJ's decision—it is unclear how the ALJ found Plaintiff to lack "medical treatment[] . . . that is ongoing and that diminishes . . . symptoms and signs of" a mental disorder. 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04C, 12.06C, 12.15C.

*Christina F. v. O'Malley*
Civil No. 23-1528-CDA
May 10, 2024
Page 5

When "a fair amount of evidence [is] supportive" of a claimant's ability to satisfy a Listing's criteria, "[a] full explanation by the ALJ" of why the claimant does not meet or equal the Listing "is particularly important[.]" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). Such an explanation is missing from the ALJ's decision. To be sure, the ALJ may ultimately determine that the factual findings identified above do not satisfy Paragraph C's criteria. But the ALJ—not the Court—must make this determination in the first instance. *See id.* at 296. Because such a finding is the ALJ's to make, and because the ALJ provided no explicit analysis on the issue, the Court will not attempt to divine the ALJ's reasons for finding that Plaintiff could not satisfy Paragraph C's final criterion: a "[m]arginal" capacity to adapt to changes in environment or to the demands of daily life. 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04C, 12.06C, 12.15C.

As a final matter, the ALJ did not reach any conclusions regarding the Paragraph A criteria relevant to Listings 12.04, 12.06 and 12.15. When an ALJ does not "compare[] each of the listed criteria to the evidence" after identifying a relevant Listing, "it is simply impossible to tell whether there was substantial evidence to support the [ALJ's] determination." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986)). Accordingly, the ALJ must determine on remand whether the Paragraph A criteria are satisfied.

In sum, the decision's lack of explanation precludes the Court from determining whether substantial evidence supported the ALJ's step-three determination, so remand is warranted. On remand, the ALJ should "specific[ally] appl[y]" Listing criteria to the evidence of record and explain why that evidence does or does not support a finding that the Listings discussed above are met or equaled. *Radford*, 734 F.3d at 295. As the case is being remanded on step-three grounds, the Court need not address Plaintiff's other argument. The ALJ is welcome to consider that argument on remand. Lastly, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.     CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge